United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Thomas J. Alfes,                                              Case No. 05-55084-R
                Debtor.                         Chapter 7
_____/

Educational Credit Management Corporation,
                Plaintiff,

v.                                                                       Adv. No. 10-5557

Thomas J. Alfes,
                Defendant/Debtor.
_____/

Opinion Regarding Cross-Motions for Summary Judgment

I.

Thomas Alfes is a licensed, practicing attorney. Alfes took out numerous loans to finance his undergraduate and legal education. Alfes consolidated his loans three times. At the time of the third consolidation, the total debt was $99,655.

In May 2005, Alfes filed a chapter 7 bankruptcy petition. During his bankruptcy case, he filed adversary proceeding No. 05-5623 seeking a discharge of the note that represented the final consolidation of his student loan debt. Alfes argued that because the note was consolidated, it no longer constituted an "educational loan" and was, therefore, outside the scope of 11 U.C.C. § 523(a)(8).

Alfes named two parties in his complaint: SunTrust[1] and Pennsylvania Higher Education

---

1. Alfes listed both SunTrust Bank and SunTrust Banks, Inc. However, for purposes of this opinion they will be treated as the same party.

Assistance Agency (PHEAA). On October 26, 2005, Educational Credit Management Corp. (ECMC) filed a motion to substitute for PHEAA and filed an answer. SunTrust did not file an answer. On November 16, 2005, Alfes filed a motion for a default judgment against SunTrust.

On November 17, 2005, ECMC filed a motion to dismiss the complaint for failure to state a claim as a matter of law.[2]

On November 18, 2005, the Court entered an order granting a default judgment against SunTrust. The judgment holds that "defendant's claim against plaintiff is dischargeable."

On April 17, 2006, the Court entered an order granting summary judgment for PHEAA/ECMC on its motion to dismiss for failure to state a claim as a matter of law. The Court held that the loans at issue were educational loans and therefore nondischargeable absent a showing of undue hardship.[3]

Following the dismissal of the adversary proceeding, Alfes sent correspondence to the ECMC asserting that the note was discharged and demanding removal of adverse credit entries and ceasing of collection activities.

In December 2008, Alfes, represented for the first time by counsel other than himself, filed a Motion to Reopen Case to Enforce Discharge Injunction.

In April 2010, the parties, through their counsel, entered into a confidential settlement agreement to resolve the issue.

---

2. Initially, the Court denied ECMC's motion for substitution because ECMC did not have proof of the assignment from PHEAA. A default judgment was entered against PHEAA. However, PHEAA immediately filed a motion to set aside the default judgment and the Court ultimately granted the motion to set aside the default judgment. On February 17, 2006, the Court granted ECMC's renewed motion for substitution.

3. The Court adopted the reasoning and holding of *In re Flint*, 238 B.R. 676 (E.D. Mich. 1999).

Both parties claim victory in adversary proceeding No. 05-5623. ECMC asserts that it won because the complaint was dismissed for failure to state a claim as a matter of law and the adversary proceeding closed. Alfes asserts that he won because he obtained a default judgment against SunTrust.

In the settlement agreement, the parties agreed that ECMC would bring the issue of whether the note was discharged or whether Alfes has a continuing obligation to pay in front of the Court. ECMC filed a complaint on May 17, 2010. Then on May 18, 2010, it filed a first amended complaint.

On June 16, 2010, Alfes filed a motion to dismiss the first amended complaint, alleging both that it was not timely and that he was not properly served.

On August 9, 2010, the Court heard oral argument on the motion to dismiss. On August 10, 2010, the Court entered an order denying the motion to dismiss and ordering the parties to file cross-motions for summary judgment by August 30, 2010. Each party filed a motion for summary judgment on August 30, 2010, and each filed a response to the other's motion on September 13, 2010.

II.

ECMC makes several arguments for why Alfes' student loan debt is nondischargeable. First, it argues that the loans are not discharged because Alfes has never made a showing of undue hardship as required by 11 U.S.C. 523(a)(8). Second, it argues that the default judgment against SunTrust does not affect PHEAA/ECMC's rights because the default against SunTrust was entered after the note was transferred to PHEAA/ ECMC. Third, ECMC argues that the default against SunTrust cannot bind PHEAA/ ECMC in their capacity as guarantors. Finally, ECMC argues that its judgment in the prior adversary proceeding prohibits Alfes from arguing that his loan debt is

3

discharged.

Alfes asserts that the default judgment against SunTrust bars ECMC from asserting that the student loan debt is non-dischargeable. Alfes further asserts that any arguments related to ECMC's capacity as a guarantor are untimely.

III.

This case involves a unique set of facts. There are two judgments that are seemingly contradictory. The default judgment against SunTrust holds that the debt is not a student loan debt and is accordingly, subject to the general discharge provision. The judgment that ECMC obtained against Alfes holds that the note is in fact a student loan debt and is accordingly, non-dischargeable absent a finding of undue hardship. Each party asserts that "its" judgment is binding.[4]

"Under the doctrine of res judicata, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action. The doctrine of res judicata also prohibits relitigation of all claims or issues which were actually litigated or which could have been litigated in a prior action." *Reid v. City of Flint*, 221 F.3d 1335 (table), 2000 WL 876547, *1 (6th Cir. 2000) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424 (1981); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

---

4. The Court notes that this matter could have been easily avoided if the default against SunTrust had been set aside. The loan had been transferred prior to entry of the default. PHEAA successfully moved for the default against it to be set aside. However, at that time, no party made a motion for the SunTrust default to be set aside. Eventually, Suntrust moved to set aside the default against it. However, SunTrust did not allege or establish any exceptional or extraordinary circumstances that would justify setting aside the default judgment pursuant to Rule 60(b)(6). Therefore, the Court denied the motion.

4

The Sixth Circuit has held that res judicata is based upon the following four elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Kane*, 71 F.3d at 560 (citing *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)). *See also Becherer v. Merrill Lynch*, 193 F.3d 415, 422 (6th Cir. 1999).

The Court concludes that res judicata effect should be given to the order dismissing the adversary complaint for failure to state a claim as a matter of law. The order is a final decision on the merits. The current action is between the same parties, Alfes and PHEAA/ECMC. The issue before the Court is the same issue which was litigated - whether Alfes' debt to ECMC is dischargeable. Finally, they involve the same claim for relief.

On the other hand, the default judgment against SunTrust cannot be given res judicata effect in the current adversary proceeding. The default judgment against SunTrust does not involve the same parties because SunTrust is not a party in the current adversary proceeding. Alfes asks this Court to bind PHEAA/ECMC based on a default judgment against a co-party in litigation that PHEAA/ECMC successfully defended. To do so would deprive PHEAA/ECMC of their right to due process.

Because the Court finds that the order dismissing adversary complaint No. 05-5623 is binding in this adversary proceeding and that the default judgment against SunTrust is not, the Court does not need to address the other arguments raised by the parties. ECMC's motion for summary judgment is granted. Alfes' motion for summary judgment is denied. The Court will enter an order.

5

NOT FOR PUBLICATION


**Signed on November 2, 2010**

                                                  /s/ Steven Rhodes
                                            **Steven Rhodes**
                                            **United States Bankruptcy Judge**